1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHANIE ALLEN, on behalf of herself, the general public, and those similarly situated,

     Plaintiff,

        v.

TRAVEL GUARD GROUP, INC., AIG TRAVEL, INC., and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,

     Defendants.

CASE NO. 22-cv-06005

**COMPLAINT—CLASS ACTION**

JURY TRIAL DEMANDED

**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

## INTRODUCTION

1.    Plaintiff Stephanie Allen, by and through her counsel, brings this class action against Defendants Travel Guard Group, Inc. ("Travel Guard Group"), AIG Travel, Inc. ("AIG Travel"), and National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") (collectively, "Defendants") to seek redress for Defendants' unlawful, unfair, and deceptive online marketing and sale of insurance policies with a hidden charge for assistance services. Defendants sell the insurance and assistance services together under the brand name "Travel Guard."

2.    On major travel websites, including united.com, expedia.com, travelocity.com, and orbitz.com, Defendants purport to make a straightforward offer to consumers: insurance for airfare and travel arrangements consumers purchase on those websites. However, Defendants secretly and unfairly charge unsuspecting consumers additional fees, *on top of the calculated premium*, without disclosing that they are charging those fees. In places other than the checkout screens where the transactions occur, Defendants try to justify those fees by representing that the fees are for a supposed assistance service. That service purports to allow insureds to spend time on the telephone with Defendants' customer service representatives to request information about various topics, such as directions, weather, restaurants, hotels, new travel arrangements, and possibly medical needs. But consumers are unaware of any such service and they do not want it; and they certainly do not want to pay what Defendants charge for it.

3.    Under Washington law, Defendants must file their insurance rates with the insurance commissioner and cannot charge any rates or fees above their approved filings. In addition, an insurance agent such as Travel Guard Group is not permitted to collect a fee or compensation from consumers in connection with the insurance unless, prior to the sale: (a) it provides written disclosure of the compensation it receives from both the consumer and the insurer and (b) the consumer provides written consent to the fees and commissions at issue.

4.    Here, Defendants present an offer of insurance for a single price that, unbeknownst to consumers, consists of both an insurance premium and a required fee for add-on

2                         **Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

services. The bundled fee for assistance services was not filed with or approved by the insurance commissioner. Travel Guard Group does not provide written disclosure of its compensation to insureds and, of course, insureds do not sign any such disclosures.

5.      In sum, Defendants have devised a scheme to circumvent insurance laws, and the assistance service is just a pretext to collect illegal fees at the expense of millions of consumers.

6.      Plaintiff brings this action on behalf of herself, the general public, and similarly situated individuals, seeking a judgment against Defendants that would, among other things: (1) prohibit Defendants from charging mandatory and/or undisclosed fees (in addition to premiums) for "assistance" services in connection with the insurance purchases; (2) require Defendants to plainly and truthfully disclose all premiums, fees, and charges to consumers prior to their online purchase of insurance; and (3) require Defendants to pay Plaintiffs and class members restitution or damages.

**PARTIES**

7.      Stephanie Allen is, and at all times alleged herein was, an individual and a citizen of Washington. Ms. Allen's domicile is in Washington; she has resided there for years and she intends to remain in Washington indefinitely.

8.      Defendant Travel Guard Group, Inc. ("Travel Guard Group") is a Wisconsin corporation headquartered in Stevens Point, WI. Travel Guard Group maintains its principal place of business at 3300 Business Park Drive, Stevens Point, WI 54482. Travel Guard Group is the licensed insurance agent for NUFIC in Washington and markets and sells Travel Guard insurance policies and assistance services to the public. Travel Guard Group has substantial contacts with and receives substantial benefits and income from Washington and throughout the United States.

9.      Defendant AIG Travel, Inc. ("AIG Travel") is a Delaware corporation headquartered in New York, NY. AIG Travel maintains its principal place of business at 1271 Avenue of the Americas, 37th Floor, New York, NY, 10020. AIG Travel is the parent company of Travel Guard Group, provides assistance services in connection with Travel Guard policies,

**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

and facilitates the misconduct alleged herein. AIG Travel has substantial contacts with and receives substantial benefits and income from Washington and throughout the United States.

10. Defendant National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") is a Pennsylvania corporation headquartered in New York, NY. NUFIC maintains its principal place of business at 1271 Avenue of the Americas, 41st Floor, New York, NY, 10020. NUFIC underwrites the insurance policies at issue in this lawsuit. NUFIC, directly and through its agents, has substantial contacts with and receives substantial benefits and income from Washington and throughout the United States.

11. Travel Guard Group, AIG Travel, and NUFIC are referred to collectively herein as "Defendants."

12. With respect to the allegations herein, Travel Guard Group acted as the agent of AIG Travel, and NUFIC and, in doing the things herein alleged, was acting within the scope and course of its authority as such agent.

13. With respect to the allegations herein: (a) the acts and omissions of each Defendant concurred and contributed to the various acts and omissions of the other Defendants in proximately causing the injuries and damages as herein alleged; (b) each Defendant aided and abetted the acts and omissions of the other Defendants in proximately causing the damages, and other injuries, as herein alleged; (c) each Defendant ratified each and every act or omission complained of herein; and (d) Defendants were each a member of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

14. Each Defendant is jointly and/or vicariously liable for each other Defendant's wrongful conduct alleged herein.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1332(d)(2)(A) because: (i) there are 100 or more class

Gutride Safier LLP
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

1    members, and (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive

2    of interest and costs.

3         16.    This Court has supplemental jurisdiction over any state law claims pursuant to 28

4    U.S.C. Section 1367.

5         17.    The injuries, damages and/or harm upon which this action is based, occurred or

6    arose out of activities engaged in by Defendants within, affecting, and emanating from, the State

7    of Washington. Defendants regularly conduct and/or solicit business in, engage in other

8    persistent courses of conduct in, and/or derive substantial revenue from services provided to

9    persons in the State of Washington. Defendants have engaged, and continue to engage, in

10   substantial and continuous business practices in the State of Washington. Defendants' wrongful

11   acts and omissions occurred in Washington.

12        18.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

13   substantial part of the events or omissions giving rise to the claims occurred in the State of

14   Washington, including within this District.

15        19.    Plaintiff accordingly alleges that jurisdiction and venue are proper in this Court.

16                    **DETAILED SUBSTANTIVE ALLEGATIONS**

17        20.    For the protection of consumers, insurance is a highly regulated service in every

18   state, including Washington. Washington requires insurers and their agents to obtain approval for

19   insurance rates prior to offering those policies and rates to consumers, and to clearly identify the

20   approved insurance premium (inclusive of all fees and charges required for the procurement of

21   the insurance) to consumers. *See* RCW 48.19.040, 48.18.180.

22        21.    There are also strict requirements if an insurance producer wishes to charge a fee

23   for its services. An insurance agent (or producer) such as Travel Guard Group is not permitted to

24   collect a fee or compensation from consumers unless (a) it provides written disclosure of the

25   compensation it receives from both the consumer and the insurer and (b) the consumer provides

26   written consent to the fees and commissions at issue. *See* RCW 48.17.270. Insurance producers

27   cannot charge fees in connection with the procurement of insurance, above what they earn in

CLASS ACTION COMPLAINT                    5                    **Gutride Safier LLP**
                                                               113 Cherry Street, #55150
                                                               Seattle, WA 98140
                                                               (415) 639-9090 x109

regular commissions, without having advised the prospective insured, in writing, the amount they will be charged. *See* WAC 284-30-750. Accordingly, producers must identify any fees they charge separately from the premium and in sufficient detail for consumers to understand the fees and for there to be a determination that the fees are in compliance with the insurance laws and regulations.

22.    The Washington legislature has declared that it is unfair and against the public interest to violate Washington insurance laws and regulations, and provided that such violations are actionable under Washington's Consumer Protection Act. *See* RCW 19.86.170, 48.01.030, 48.30.010; WAC 284-30-750.

23.    Reasonable consumers expect that insurers and their agents comply with all laws and regulations, that insurance premiums will be clearly identified prior to purchase, and that any separate, additional, producer, or non-insurance service or fee will also be clearly identified prior to any agreement to pay for such fee. Reasonable consumers who are quoted a single price for insurance reasonably assume that price is a lawful and approved premium and not a vehicle for hidden fees added to the insurance premium. In any event, Washington law prohibits Defendants from imposing hidden and/or mandatory add-on fees in their insurance offers to consumers.

24.    Defendants market and sell the travel insurance policies at issue. Defendants are responsible for charging and collecting the premiums and fees at issue and are responsible for ensuring that the amounts they charge consumers are lawful, fair, and not deceptive. Defendants purport to provide a supposed "assistance service" for which they deceptively, unfairly, and unlawfully charge consumers. Defendants have been unjustly enriched by those unlawful, unfair, and undisclosed fees.

**I.    Defendants Charge Unsuspecting Consumers for Supposed <u>"Non-Insurance Assistance Services" in Conjunction with Travel Insurance</u>**

25.    When purchasing airfare and similar travel fares or accommodations from online websites or mobile apps, consumers are often presented with the option to insure their purchase. Defendants contract with certain retailers who offer online bookings and travel arrangements

**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

1  (such as Travelocity, Expedia, Orbitz, and United Airlines) to present consumers with an offer to

2  purchase Travel Guard insurance when completing their bookings. Defendants are, collectively,

3  one of the largest providers of trip/travel insurance in Washington and the United States.

4      26.     When Defendants present an insurance offer during the checkout process of one

5  of Defendants' retail partners, Defendants' Travel Guard insurance is the only available

6  insurance option presented to consumers.

7      27.     An example of an offer made by Defendants on the website of United Airlines is

8  below:



**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

28.    An example of an insurance offer made by Defendants on the website of Travelocity is below:

**Protect your flight** `Recommended`

ⓘ **Important:** Trip cancellation due to government travel advisories, fear of travel, or change of mind is not covered. Travel insurance may provide coverage for COVID-19 diagnosed illness. COVID-19 is a foreseen event and certain other coverages will not apply. Learn more

**Note:** If you are a resident of **Washington** state, please click here to view products that you are eligible to purchase.

Coverage includes trip cancellation, trip interruption, and much more. See top benefits: ⌄

1. Up to 100% flight reimbursement if you or your companion is too sick to travel
2. Up to $100,000 in reimbursement if your trip is interrupted due to covered unexpected events
3. Additional transportation expenses if you need to reach your destination for a covered reason

View insurance details and disclosures ⧉

Select Yes or No to continue booking *

○ Yes, I want Cancellation Protection Plan for my flight.      **$19.00** per person

○ No, I'm willing to risk my $98.40 flight. I understand by declining this coverage that I may be responsible for cancellation fees and delay expenses personally or through alternate coverage.

Mary got $468 back when she cancelled her flight to … Read more

29.    Examples of offers made by Defendants on the website of Expedia are below:

CLASS ACTION COMPLAINT                    8                    **Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27



**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

30.     Expedia Group, Inc. owns Expedia, Travelocity, and Orbitz, so the Travel Guard insurance offers presented to consumers during the booking/checkout process on those three websites are the same.

31.     Every offer characterizes the offering as "insurance," and many use related words such as "cover," "coverage," "protect," and/or "protection."

32.     As indicated above, a single total price is identified for the offered "insurance" or "protection" plan prior to purchase.

33.     Within these point-of-sale offers, Defendants do not identify assistance benefits (and certainly not as separate, non-insurance services) and Defendants do not identify any fee, price, or charge for any such assistance service or benefit, separate from or in addition to the premium.

34.     The hyperlink to "insurance details and disclosures" in the offers on Expedia, Travelocity, and Orbitz leads to a new page containing a menu that prompts residents of various states to "Click Here" for the policy for their state. The policy forms for Washington indicate that assistance benefits are included in the policy, but the forms do not disclose that there is a charge, on top of the insurance premium calculated by Defendants, for those benefits.

35.     The hyperlink to "Important Disclosures" in the offers on the United website currently leads to a lengthy pop-up that includes a disclosure, among numerous other disclosures, that "[t]he quoted price for the travel protection plan includes the travel insurance premium and a separate fee for non-insurance travel assistance services." The pop-up document also states that consumers "may obtain information on the pricing of the insurance and assistance services by emailing terms@travelguard.com." This lengthy pop-up document does not provide sufficient notice to consumers that they are being charged for supposed non-insurance services on top of the calculated premium for the insurance product. There is no indication within the actual offer that the price includes a fee for non-insurance services or that the "Important Disclosures" will reveal the existence of such a fee. Moreover, the pop-up still does not disclose the amount of the

**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

1  fee and requires consumers to send an email to ask Defendants to disclose the fee. Defendants

2  know that, and have designed the checkout process such that, consumers are highly unlikely to

3  discover the existence of the assistance fee or make an inquiry about it.

4       36.    After a consumer purchases Travel Guard insurance, Defendants (and some retail

5  partners) send the customer a confirmation email that contains a link to information regarding

6  their insurance policy. These confirmation emails do not contain any pricing information, do not

7  identify assistance benefits, and do not identify any fee, price, or charge for any such assistance

8  service or benefit, separate from or in addition to the premium.

9       37.    The link (if clicked) to the policy summary page leads to a webpage that displays

10  certain information about the insurance. These insurance policy summary pages do not identify

11  assistance benefits and do not identify any fee, price, or charge for any such assistance service or

12  benefit, separate from or in addition to the premium. An example of an insurance policy

13  summary page for one of Plaintiff's policies is shown below:

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT             11



**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

38.     The policy summary pages typically included a hyperlink to "Important Required Disclosures" or "Terms and Conditions." That hyperlink (if clicked) leads to a lengthy document that includes a disclosure, among numerous other disclosures, that "[t]he quoted price for the travel protection plan includes the travel insurance premium and a separate fee for non-insurance travel assistance services." The pop-up document also states that consumers "may obtain information on the pricing of the insurance and assistance services by emailing terms@travelguard.com." This lengthy document does not provide sufficient notice to consumers *prior to purchase* that they are being charged for supposed non-insurance services on top of the calculated premium for the insurance product. Moreover, the document still does not disclose the amount of the fee and requires consumers to send an email to ask Defendants to disclose the fee. Defendants know that, and have designed the purchase process such that, consumers are highly unlikely to discover the existence of the assistance fee or to make an inquiry about it.

39.     Consumers reasonably expect some amount of service and information (about the insurance and potential claims) to be available to them when they purchase insurance and such policy and claims administration costs are supposed to be included in the insurance premiums. However, to the extent Defendants offer additional assistance benefits that are truly separate from the insurance benefits and may be accurately described as non-insurance benefits, there is little demand in the market for such assistance benefits at the prices Defendants charge and in the form in which they are offered (requiring insureds to call a toll-free number to speak with customer service representatives to obtain various types of information). This is especially true of concierge services. Consumers who purchase airfare and hotels online and through mobile applications can readily find much of the information encompassed within Defendants' assistance services for *free*, and on demand, using the Internet and widely available applications (such as from Google, Apple, Yelp, and many other service providers), or from more local or personalized sources than Defendants can offer. Given that reality, and given that Defendants make no mention of any separate charges for such services at the time they present their

insurance offers to consumers, consumers have no reason to suspect they are being charged for Defendants' non-insurance assistance service at the time they insure their travel purchases.

40.     In any event, most insureds are not aware of the availability of those services or that they have been charged for them. Consumers generally would not pay for the separate service if given a fair and informed choice whether to do so. On information and belief, the small percent of insureds who use the assistance services, and the relatively low costs Defendants' incur in providing such services, do not come close to justifying the price of the services and the total revenues Defendants collect for the assistance services.

41.     Moreover, there is no utility at all in *requiring* consumers to purchase Defendants' assistance service in conjunction with Defendants' insurance. Under Washington law, and under any balancing test of fairness, Defendants must provide consumers a choice as to whether to pay for services in addition to the insurance. If insurers and their agents can bundle any fee they want with insurance premiums, without adequately disclosing the fees to consumers and without giving them a fair and real choice whether to pay those fees, then the extensive, longstanding, and strict regulation of insurance premiums, commissions, and sales in Washington would become impotent.

42.     If Defendants were genuinely attempting to market an informational assistance service, they would likely offer it for free (using advertisements to cover costs) or they would charge a flat, attractive fee and highlight some competitive edge over the alternative sources of information available to consumers. Instead Defendants *hide* their assistance service fee from consumers at the point of purchase. Such practices imply that Defendants are using the assistance fees to subsidize marketing and operational costs that should properly be included in the insurance premiums, and thus that Defendants' characterization of the fees as non-insurance assistance fees is disingenuous, and an attempt to circumvent Washington's regulation of premiums and of agent compensation.

43.     Regardless of how Defendants' "assistance" fees are ultimately characterized— whether as an artifice to collect an unlawful agent's fee (or unauthorized premium) or as

**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

genuinely for non-insurance services (that no one has chosen and that few people would pay for if given the choice)—the result is the same: Defendants collect more from consumers than they should. Defendants did not receive approval from the Washington Office of the Insurance Commissioner to charge these mandatory, hidden fees on top of the premium. If Defendants followed the laws and regulations, they would not be charging such fees. And if Defendants disclosed the fees to consumers prior to purchase, consumers would not pay for the fees. Defendants are continuing to charge and collect sums that they are not allowed to collect by law and which are more than consumers would pay if they understood Defendants' practices.

44.    In sum, Defendants' practice of charging consumers for supposed "assistance" in connection with trip/travel insurance is deceptive, unfair, and unlawful.

**II.    Plaintiff's Experience**

45.    On or about August 13, 2021, Plaintiff visited the website of Expedia.com to purchase airfare, hotel accommodations, and a rental car reservation. Plaintiff purchased airfare, hotel accommodations, and a rental car reservation on that occasion and was offered the option to insure her purchases. She accepted the insurance offer and purchased Travel Guard policy 1232488421 during the checkout process.

46.    On or about October 10, 2021, Plaintiff visited the website of Expedia.com to purchase airfare and hotel accommodation. Plaintiff purchased airfare and hotel accommodation on that occasion and was offered the option to insure her purchase. She accepted the insurance offer and purchased Travel Guard policy 1235200797 during the checkout process.

47.    On or about January 4, 2022, Plaintiff visited the website of Expedia.com to purchase airfare and hotel accommodation. Plaintiff purchased airfare and hotel accommodation on that occasion and was offered the option to insure her purchase. She accepted the insurance offer and purchased a Travel Guard insurance/protection plan during the checkout process.

48.    During the checkout process for each of those purchases, Plaintiff was presented with an offer from Defendants to purchase insurance. The offer was presented in a manner

CLASS ACTION COMPLAINT                          15

substantially similar to the example set forth in paragraphs 27-29 herein. There was a box/section on the checkout page presenting her with an option to insure her ticket purchase.

49. Defendants designed, controlled, and possess the exact offer text presented to Plaintiff on each of those occasions.

50. Defendants' insurance offer was the only insurance option presented to Plaintiff at those times. There was no choice of plans or insurers during the checkout process, and very limited information was provided regarding the insurance. A single price was stated as the price of the "insurance." There was no indication that any other fees other than an insurance premium was included in that price. There was no mention of "non-insurance assistance services" in the offer.

51. Unbeknownst to Plaintiff at the time she accepted the offers of insurance, the total amounts she was charged for the insurance included both an insurance premium and a mandatory fee that Defendants contend was for assistance services but that was, in effect, an unlawful agent's fee or unauthorized premium. At a minimum, it was an unfair charge and Defendants have no justification for bundling it with the premiums in the way they did.

52. Neither the insurance offers nor any other portion of the checkout pages disclosed (a) a specific breakdown of the components of the price for the insurance; (b) that the price included an unlawful agent's fee and/or unlawful amount of premium; (c) the existence and amount of the fee for supposed non-insurance assistance benefits; and/or (d) any material facts about the nature of such "assistance" services or why the assistance fee was included.

53. When accepting each of Defendants' insurance offers on the occasions referenced above, and on any other occasions that Plaintiff purchased Travel Guard insurance, Plaintiff was not aware of the existence of any assistance fee in addition to the insurance premium and was not aware of any of the foregoing facts at the time she purchased the insurance. As a result of Defendants' material misrepresentations and omissions, and Defendants' unlawful and unfair practices, Plaintiff agreed to pay Defendants to insure her travel purchases and believed, each time, that the amount she paid Defendants was for the insurance only and that the amount

CLASS ACTION COMPLAINT

16

charged was determined by a regulated, lawful process. Plaintiff was seeking only lawful and proper insurance; she was not seeking separate non-insurance informational "assistance" services and would not have paid the price charged for such services by Defendants if given the choice. She was not aware of and did not agree to pay for any additional or unlawful agent's fee or any additional "assistance" service that Defendants purport to offer to their insureds.

54.     The confirmation emails Plaintiff received did not identify the cost of any purported assistance benefits. The confirmation emails included a hyperlink to certain policy information. However, Plaintiff had no reason to believe that those links or documents would reveal a hidden charge for "assistance" services, and Plaintiff did not see any disclosure about an assistance fee or the amount thereof during the cancellation period for each policy.

55.     Plaintiff would have paid less than she did if Defendants had complied with Washington law and charged her only an approved premium, rather than unfairly, unlawfully, and deceptively including an undisclosed, additional fee in the cost of the insurance.

56.     Plaintiff would have declined the fee for Defendants' supposed "assistance" service if given the choice and if Defendants had fully and fairly disclosed: (a) that Defendants were charging an unlawful agent's fee and/or unlawful amount of premium; or (b) the existence and amount of the fee/charge for supposed "assistance" services and basic, material, and truthful information about the supposed "assistance service," which would have allowed her to understand that she was being charged for something she did not want to pay for, and that the fee is a pretext for increasing Defendants' profits. Plaintiff would not have purchased insurance from Defendants if she had doubts about their integrity and reliability, and she would have had such doubts if Defendants had fully and fairly disclosed the material information referenced in this complaint.

III.     **Because Defendants Intend to Continue Their Unfair Conduct,**
         **an Injunction Is Needed to Protect the Public from Future Harm.**

57.     An injunction is necessary to stop Defendants from violating Washington law and from continuing their unfair and unlawful conduct in charging add-on fees for travel insurance.

**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

Defendants should be prohibited from charging supposedly separate fees for "assistance" services as a mandatory fee in connection with the sale of insurance policies and from charging fees and/or premiums that have not been approved in Washington. Among other things, Defendants should be required to plainly and truthfully disclose, within their offers of travel insurance: (a) the specific, authorized premiums and all distinct fees and charges to consumers, including the existence and amount of the fee for supposed non-insurance assistance benefits; (b) material facts about the nature of such "assistance" services; and (c) how much compensation Travel Guard Group would receive from NUFIC for the transaction and how much compensation it would receive for the mandatory assistance fee. Consumers must be given the option to accept or decline the assistance fee or any other add-on fee, and must give informed consent to any such fee before they are charged.

58.     Plaintiff will make online travel purchases (including airfare and accommodations) in the future and will be presented with the option to insure those purchases through Defendants. Plaintiff generally desires to insure such purchases but, absent the injunctive relief sought, she will be forced either to pay an unlawful/unfair fee or to forgo the insurance she desires. Moreover, Plaintiff will not be able to determine whether she will be charged a hidden fee or an unlawful mandatory agent's fee, or in what amount. Plaintiff is unable, and will continue to be unable, to rely on Defendants' representations regarding the price of their insurance products, unless the injunctive relief requested in this Complaint is awarded. That present and continuing uncertainty is an ongoing harm to her as a consumer.

59.     Absent an injunction, Plaintiff and those similarly situated will be harmed again in the same manner, or be deprived of the opportunity to purchase lawfully and fairly priced insurance, which would be available on ticketing sites but for Defendants' unlawful, deceptive, and unfair practices.

**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

## CLASS ALLEGATIONS

60.     Plaintiff brings this class action lawsuit on behalf of the following proposed class ("Class") of similarly situated persons, pursuant to Rule 23 of the Federal Rules of Civil Procedure, defined as follows:

> All persons who purchased at least one travel insurance policy from Defendants at any point from December 23, 2018, until the present, and, for that purchase, provided a billing address in the State of Washington or where the travel insurance policy identified the plan owner as having a Washington address, subject to the exclusions below.

61.     The following persons and entities are excluded from the Class: (a) Defendants and their officers, directors, employees, subsidiaries, and affiliates; (b) all judges, mediators, and/or arbitrators who exercise authority over this case, and any members of their immediate families; and (c) any person for whom every travel insurance purchase satisfying the above criteria is disqualified because the person already received a complete refund for the travel insurance purchase or because Defendants opened and documented an assistance case in connection with the purchased insurance plan.

62.     Plaintiff reserves the right to propose additional or alternative classes or subclasses, or to narrow the above class definition. This reservation includes but is not limited to classes or subclasses involving consumers in multiple states or involving particular issues.

63.     This action has been brought and may properly be maintained as a class action against Defendants because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

64.     Numerosity:  Plaintiff does not know the exact size of the Class, but she estimates it is composed of more than 500 persons. The persons in the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

65.     Common Questions Predominate:  This action involves common questions of law and fact to the potential Class because each class member's claim derives from the same

CLASS ACTION COMPLAINT                    19

deceptive, unlawful and/or unfair statements, omissions, and practices. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class to recover.  The questions of law and fact common to the Class include, but are not limited to, the following:

     a.  whether Defendants had a common, automated practice of charging consumers mandatory assistance fees on top of insurance premiums for travel insurance, without an option to decline or avoid those fees;

     b.  whether Defendants had a common, automated practice of charging consumers mandatory assistance fees on top of insurance premiums for travel insurance, without disclosing the amount, nature, and bases of those fees;

     c.  whether Defendants' conduct is *per se* unlawful, unfair, or deceptive in violation of the Washington Consumer Protection Act;

     d.  whether Defendants' conduct is otherwise unlawful, unfair, or deceptive in violation of the Washington Consumer Protection Act;

     e.  whether Defendants' conduct violates their duty of good faith and fair dealing;

     f.  whether the fees Defendants' charged for their supposed assistance services constitute unlawful agent's fees in violation of RCW 48.17.270 and/or WAC 284-30-750;

     g.  whether the fees Defendants' charged for their supposed assistance services constitute unlawful premium in violation of RCW 48.19.040 and/or 48.18.180;

     h.  whether Defendants have engaged, and continue to engage, in unfair practices by circumventing regulatory scrutiny and charging unlawful and excessive agent fees and/or premium charges, and thus charging consumers more than they are legally allowed to charge;

     i.  whether Defendants have engaged, and continue to engage, in unfair or fraudulent practices by failing to disclose that the amounts charged to Plaintiff and class

       20

**Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

members included mandatory assistance fees and by misrepresenting in insurance offers that the prices charged were solely for the insurance premium;

j. whether Defendants knew or should have known that reasonable consumers did not value the assistance services offered by Defendants;

k. whether Defendants knew or should have known that reasonable consumers interpreted Defendants' insurance offers as a single premium and were unaware of any additional fee for the producer or for the assistance service;

l. whether Defendants knowingly engaged in the alleged conduct;

m. the total amount of profits and revenues earned by Defendants and/or the total amount of monies or other obligations lost by class members as a result of the misconduct;

n. whether class members are entitled to payment of damages or restitution, plus interest thereon;

o. whether class members are entitled to payment of treble, exemplary and/or statutory damages plus interest thereon; and

p. whether class members are entitled to injunctive and other equitable relief and, if so, what is the nature (and amount) of such relief.

66. Typicality:  Plaintiff's claims are typical of the claims of other members of the Class because, among other things, all such claims arise out of the same wrongful course of conduct in which the Defendants engaged in violation of law as described herein. Further, the damages of each member of the Class were caused directly by Defendants' wrongful conduct in violation of the law as alleged herein. Plaintiff and members of the Class have suffered injury in fact as a result of Defendants' misleading, deceptive, unfair, and unlawful conduct. Plaintiff and members of the Class would not have paid the assistance fees but for Defendants' misconduct.

67. Adequacy of Representation:  Plaintiff will fairly and adequately protect the interests of all class members because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for the unfair and illegal conduct of which they

Gutride Safier LLP
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

complain. Plaintiff also has no interests that are in conflict with, or antagonistic to, the interests of class members. Plaintiff has retained highly competent and experienced class action attorneys to represent their interests and that of the Class. By prevailing on her own claims, Plaintiff will establish Defendants' liability to all class members. Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for class members.

68.     Superiority:  There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

69.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

## PLAINTIFF'S FIRST CAUSE OF ACTION
**(Violations of Washington's Consumer Protection Act ("CPA") (RCW 19.86.010 et seq.))**

70.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

CLASS ACTION COMPLAINT                    22

71.    For more than four years preceding the filing of this lawsuit, and at all times mentioned herein, Defendants have engaged, and continue to engage, in unlawful, unfair, and deceptive trade practices in Washington as outlined in this Complaint.

72.    Among other things, Defendants: (a) do not clearly distinguish assistance fees from the insurance premiums in their insurance offers; (b) do not identify, within their offers, the amount of the assistance fee and the nature of the assistance services offered; (c) do not provide consumers the option to accept or decline the assistance fee; (d) do not provide consumers with full disclosure of Travel Guard Group's compensation arrangements for the insurance transaction; (e) do not obtain written consent from insureds, after full disclosure of all relevant facts, to charge fees in excess of the premium and beyond what Travel Guard Group is paid in regular commission from the sale of the insurance; (f) charge consumers total amounts for Defendants' insurance plans above what Defendants are legally entitled to charge (as Defendants did not get approval to sell insurance for the total prices they charge consumers); and (g) mislead consumers to believe that they are paying only a lawful insurance premium that has not been increased (at Defendants' discretion) with hidden add-on fees.

73.    The misconduct alleged herein has been declared a per se unfair practice by Washington statutes and regulations.

74.    The misconduct alleged herein is unfair because it is contrary to the public interest in reasonable, regulator-approved, transparent, affordable, and non-discriminatory insurance rates, free from hidden, excessive, or otherwise unfair charges or fees.

75.    Moreover, the misconduct alleged herein causes substantial injury to consumers (requiring the payment of millions of dollars in fees, each year, that consumers would refuse to pay if given the choice) that consumers cannot reasonably avoid, as they cannot decline the "assistance fees" Defendants charge and are generally unaware of the fees. This substantial cumulative harm to consumers is not outweighed by any countervailing benefits. There is no benefit in forcing consumers to pay fees that they do not want to pay. If Defendants' assistance service has any value and if there is any demand for it in the market, Defendants could easily

Gutride Safier LLP
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

provide consumers the option to accept or decline a genuine assistance fee in the same manner

(with a simple click) and the same location (the offer box presented on checkout screens)

Defendants use for their insurance offers. Defendants already have automated processes to

immediately calculate an insurance premium and assistance fee in connection with each offer

and sale; there is no utility in Defendants' refusal to simply state those prices separately and to

provide consumers the option to decline the assistance fee.

76.      Defendants' acts and omissions have the capacity to and are likely to deceive a

substantial portion of the general public.

77.      The misconduct alleged herein occurred, and continues to occur, in trade or

commerce, as it concerns the sale of insurance and the imposition of fees in consumer

transactions.

78.      The misconduct alleged herein affects the public interest because the vast

majority of consumers who make travel purchases online are presented with Defendants offers

during the checkout process. Moreover, the Washington legislature has declared that the business

of insurance affects the public interest. See RCW 48.01.030.

79.      As a direct and proximate result of Defendants' misconduct, Plaintiff and the

Class Members have suffered, and continue to suffer, injury in fact and have lost money and/or

property as a result of such unfair conduct in an amount which will be proven at trial, but which

is in excess of the jurisdictional minimum of this Court. Defendants' unfair conduct caused

Plaintiff and those similarly situated to pay money that they otherwise would not have paid. Had

Defendants dealt fairly and honestly with their insureds, including by clearly distinguishing the

assistance fee from the premium in the insurance offer, identifying the amount of the assistance

fee and the nature of the services, and providing consumers the option to accept or decline the

assistance fee, Plaintiff and those similarly situated would have declined and/or avoided the fee

for assistance services.

80.      Plaintiff and those similarly situated relied to their detriment on Defendants'

unlawful, unfair, and fraudulent business practices. Had Plaintiff and those similarly situated

CLASS ACTION COMPLAINT                          24                    **Gutride Safier LLP**
                                                                     113 Cherry Street, #55150
                                                                     Seattle, WA 98140
                                                                     (415) 639-9090 x109

1  been adequately informed and not deceived by Defendants, they would not have paid the

2  assistance or agent fees charged by Defendants.

3      81.    Defendants engaged in these unfair, deceptive, and unlawful practices to increase

4  their own profits at the expense of their insureds.

5      82.    As a direct and proximate result of such actions, Plaintiff and the other class

6  members, have suffered and continue to suffer injury in fact and have lost money and/or property

7  as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount

8  which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

9  Among other things, Plaintiff and the class members lost the amounts they paid for the supposed

10  assistance services. Accordingly, Plaintiff seeks, on behalf of herself and all similarly situated

11  persons, to recover damages equal to the amounts Defendants charged in excess of the

12  applicable, lawful premium for each travel insurance policy, and/or any other damages Plaintiff

13  may establish.

14      83.    As a direct and proximate result of such actions, Defendants have enjoyed, and

15  continue to enjoy, significant financial gain in an amount which will be proven at trial, but which

16  is in excess of the jurisdictional minimum of this Court.

17      84.    Plaintiff seeks, on behalf of herself and those similarly situated, a declaration that

18  the above-described trade practices are fraudulent, unfair, and/or unlawful; an award of damages;

19  an award of enhanced or treble damages; and the reasonable fees and costs incurred in

20  connection with these claims.

21      85.    Plaintiff seeks, on behalf of herself and those similarly situated, an injunction to

22  prohibit Defendants from continuing to engage in the deceptive, unfair, and/or unlawful trade

23  practices complained of herein. Such misconduct by Defendants, unless and until enjoined and

24  restrained by order of this Court, will continue to cause injury in fact to the general public and

25  the loss of money and property in that Defendants will continue to violate the laws of

26  Washington, unless specifically ordered to comply with the same. This expectation of future

27  violations will require current and future consumers to repeatedly and continuously seek legal

CLASS ACTION COMPLAINT            25

redress in order to recover monies paid to Defendants to which they were not entitled. Plaintiff, those similarly situated, and the general public, have no other adequate remedy at law to ensure future compliance with the laws alleged to have been violated herein.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### (Breach of the Duty of Good Faith)

86.    Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

87.    The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Accordingly, Defendants had a broad duty to deal fairly and in good faith with their insureds, including Plaintiff.

88.    Defendants breached their duty to act fairly and in good faith by imposing fees on Plaintiff above what Defendants were legally authorized to charge in premium, without giving Plaintiff the option to decline the add-on fees and without giving Plaintiff sufficient information about the amount of the assistance fee and the nature of the services at issue.

89.    Instead, Defendants offered insurance for a single price and made misleading representations and omissions in their offer that led Plaintiff to believe that she was being charged a simple, lawful insurance premium, without hidden, unapproved fees being included.

90.    Defendants knew or should have known that consumers, including Plaintiff, would not pay Defendants' "assistance fees" if given the choice, and that consumers did not know Defendants were charging those assistance fees.

91.    Defendants deliberate refusal to identify the charge for their assistance service also made it less likely that insureds would use the service for which they had been charged.

92.    In doing the things alleged above, Defendants considered only their own interests and profits, and they disregarded the interests of Plaintiff and their other insureds. Defendants' conduct was unreasonable, frivolous, and/or unfounded.

Gutride Safier LLP
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109

93.     As a direct and proximate result of such actions, Plaintiff and the Class Members have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such unfair conduct in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. Defendants' bad faith conduct caused Plaintiff and those similarly situated to pay money that they otherwise would not have paid. Had Defendants dealt fairly and honestly with their insureds, including by clearly distinguishing the assistance fee from the premium in the insurance offer, identifying the amount of the assistance fee and the nature of the services, and providing consumers the option to accept or decline the assistance fee, Plaintiff and those similarly situated would have declined and/or avoided the fee for assistance services. Accordingly, Plaintiff seeks, on behalf of herself and all similarly situated persons, to recover damages equal to the amounts Defendants charged in excess of the applicable, lawful premium for each travel insurance policy, and/or any other damages Plaintiff may establish.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, those similarly situated, and the general public, respectfully requests that the Court enter judgment against Defendants as follows:

A.  Certification of the proposed Class, including appointment of Plaintiff's counsel as class counsel;

B.  An order temporarily and permanently enjoining Defendants from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.  An award of damages in favor of Plaintiff and class members, in an amount to be determined at trial;

D.  An award of enhanced or treble damages, also in an amount to be determined at trial;

E.  An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

F.  For reasonable attorney's fees and the costs of suit incurred; and

G.  For such further relief as this Court may deem just and proper.

CLASS ACTION COMPLAINT                    27

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: December 23, 2022                    Respectfully submitted,

**GUTRIDE SAFIER LLP**

By: */s/Stephen M. Raab/*

Stephen M. Raab, Esq., WSBA No. 53004
stephen@gutridesafier.com
(415) 639-9090 x109
113 Cherry Street, #55150, Seattle, WA 98140
305 Broadway, 7th Floor, New York, NY 10007

Attorneys for Plaintiff

CLASS ACTION COMPLAINT                    28                    **Gutride Safier LLP**
113 Cherry Street, #55150
Seattle, WA 98140
(415) 639-9090 x109